# IN THE COURT OF APPEALS
## OF THE
## STATE OF MISSISSIPPI
## NO. 96-KA-00170 COA

**RODNEY EARL COHEN AND ROBERT LEE THOMAS**                    **APPELLANTS**

**v.**

**STATE OF MISSISSIPPI**                                        **APPELLEE**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND MAY NOT BE CITED, PURSUANT TO M.R.A.P. 35-B

| | |
|---|---|
| DATE OF JUDGMENT: | JANUARY 26, 1996 |
| TRIAL JUDGE: | HON. ELZY JONATHAN SMITH, JR. |
| COURT FROM WHICH APPEALED: | COAHOMA COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANTS: | RICHARD B. LEWIS FOR COHEN |
| | AZKI SHAH FOR THOMAS |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: DEIRDRE MCCRORY |
| DISTRICT ATTORNEY: | LAWRENCE Y. MELLEN |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| TRIAL COURT DISPOSITION: | COHEN: DRIVE-BY-SHOOTING: 20 YRS; NOT ELIGIBLE FOR PAROLE; SENTENCE CONSECUTIVE TO ANY PREVIOUSLY IMPOSED; THOMAS: DRIVE-BY-SHOOTING: 25 YRS; NOT ELIGIBLE FOR PAROLE; SENTENCE CONSECUTIVE TO ANY PREVIOUSLY IMPOSED |
| DISPOSITION: | AFFIRMED - 12/16/97 |

MOTION FOR REHEARING FILED: 1/2/1998

CERTIORARI FILED:

MANDATE ISSUED: 3/30/98

BEFORE THOMAS, P.J., HINKEBEIN, AND SOUTHWICK, JJ.

SOUTHWICK, J., FOR THE COURT:

Rodney Cohen and Robert Thomas were convicted by a jury in the Circuit Court of Coahoma County of the drive-by shooting of Broderick Mosley. They appeal asserting separately that there was insufficient evidence to support the verdict and that the verdict was against the overwhelming weight of the evidence. We find no merit to these claims and affirm.

## FACTS

The evidence consistent with the verdict was as follows. On August 2, 1995, Broderick Mosley was walking along Hospital Drive in the City of Clarksdale when he noticed a familiar vehicle driven by Rodney Cohen. After recognizing Cohen and Robert Thomas, a passenger in the vehicle, Mosley quickened his pace and continued down the street to escape their observation. According to Mosley, the vehicle then pulled up to a stop sign and Thomas yelled out of the vehicle "I knew we were going to catch you slipping." Following this exhortation, Thomas leaned out of the window of the vehicle and fired a gun shot at Mosley. Mosley observed the spark from the gun and fled to the Hicks Hotel as the vehicle sped off down the street. Mosley was not injured by the gun shot.

After seeking refuge in the hotel, Mosley notified the Clarksdale Police Department of the incident. Shortly thereafter, the police discovered a vehicle matching Mosley's description at a local barber shop. The officers observed Cohen and Thomas inside the barber shop and requested that the two suspects accompany them to the police department.

Cohen and Thomas were charged and convicted by a jury of a drive-by shooting.

## DISCUSSION

## I. SUFFICIENCY OF THE EVIDENCE

Cohen and Thomas assert that the trial court erred in denying their motion for a judgment notwithstanding the verdict. Cohen contends that the State failed to present sufficient evidence to satisfy its burden of proof. Thomas argues that at the time of the alleged incident the proof showed that the vehicle was not moving. Thus, the jury could not convict for a "drive-by" shooting.

On appeal from the denial of a motion notwithstanding the verdict, this Court reviews the sufficiency of the evidence in the light most favorable to the State. *McClain v. State*, **625 So. 2d 774, 778 (Miss. 1993).** All credible evidence which is consistent with Cohen's and Thomas's guilt must be accepted as true, and the State is given the benefit of all favorable inferences that may be reasonably drawn from the evidence. *Id.*

The Mississippi Code provides, in relevant part: "A person is guilty of a drive-by shooting if he attempts . . . to cause serious bodily injury to another, or causes such injury purposely, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life by discharging a firearm while in or on a vehicle." **Miss. Code Ann. § 97-3-109(1) (Supp. 1997).** There must be evidence to support each element of this offense.

The victim Mosley testified that he encountered Cohen and Thomas while he was walking down the street and that Thomas fired a shot at him. Mosley stated that he then ran to the Hicks Hotel and called the police department. An officer from the Clarksdale Police Department testified that the dispatcher received a call from Mosley at approximately 3:48. After investigating the incident,

officers discovered the vehicle driven during the shooting and its occupants, Cohen and Thomas, at a nearby barber shop. This constitutes sufficient evidence to support the convictions of Cohen and Thomas of drive-by shooting.

Thomas also asserts that there was insufficient evidence to support his conviction because the State failed to establish that the vehicle was in motion during the incident. However, Section 97-3-109(1) does not require that a vehicle be in motion during the commission of the offense. A label for an offense such as "drive-by" does not create additional elements necessary for conviction beyond those stated in the statute. The statute provides that the State must prove that the firearm was discharged while an individual was in or on a vehicle. **Miss. Code Ann. § 97-3-109(1) (Supp. 1997).** This issue is without merit.

## II. WEIGHT OF THE EVIDENCE

Cohen next asserts that the trial court erred in denying his motion for a new trial because the verdict was against the overwhelming weight of the evidence. Cohen contends that the only evidence presented by the State to rebut his claim denying that the incident occurred was the testimony of Mosley, the victim. Cohen argues that Mosley's testimony was not credible, and thus, the verdict is contrary to the weight of the evidence.

In reviewing the decision of the trial court, this Court views all of the evidence in the light consistent with the jury verdict. ***Strong v. State*, 600 So. 2d 199, 204 (Miss. 1992).** A motion for new trial should only be granted to prevent an unconscionable injustice. ***McClain v. State*, 625 So. 2d 774, 781 (Miss. 1993).** Accordingly, we will reverse and remand for a new trial only upon reaching the conclusion that the trial court has abused its discretion in failing to grant a new trial. ***Herring v. State*, 691 So. 2d 949, 957 (Miss. 1997).**

Both men presented evidence that they were elsewhere at the time of the incident. Even so, the jury heard the testimony from several witnesses who testified to facts that would indicate their guilt. None of this evidence was incredible, unbelievable, or substantially impeached. The jury was entitled to conclude that the proof established guilt of the drive-by shooting.

**THE JUDGMENT OF THE COAHOMA COUNTY CIRCUIT COURT OF CONVICTION OF RODNEY EARL COHEN OF DRIVE-BY SHOOTING AND SENTENCE OF TWENTY YEARS WITHOUT THE POSSIBILITY OF PAROLE IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. THE SENTENCE IMPOSED SHALL RUN CONSECUTIVELY TO ANY AND ALL SENTENCES PREVIOUSLY IMPOSED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO COAHOMA COUNTY.**

**THE JUDGMENT OF THE COAHOMA COUNTY CIRCUIT COURT OF CONVICTION OF ROBERT LEE THOMAS OF DRIVE-BY SHOOTING AND SENTENCE OF TWENTY-FIVE YEARS WITHOUT THE POSSIBILITY OF PAROLE IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. THE SENTENCE IMPOSED SHALL RUN CONSECUTIVELY TO ANY AND ALL SENTENCES PREVIOUSLY IMPOSED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO**

COAHOMA COUNTY.

**BRIDGES, C.J., McMILLIN AND THOMAS, P.JJ., COLEMAN, DIAZ, HERRING, HINKEBEIN, KING, AND PAYNE, JJ., CONCUR.**